UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
JAMES V. TAGUE,                                    Chapter 7
        DEBTOR.                          Case No. 10-20100-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the Chapter 7 Trustee's Objection to List of Property Claimed Exempt (the "Objection") filed by Donald R. Lassman (the "Trustee"), the Chapter 7 trustee of the estate of James V. Tague (the "Debtor") and the Debtor's Opposition to Trustee's Objection to Debtor's Full ($500,000) Homestead Exemption (the "Opposition"). The Trustee seeks to "cap" the Debtor's homestead exemption pursuant to 11 U.S.C. § 522(p), asserting that the Debtor acquired his interest in the family residence during the 1215-day period preceding the filing of his petition, which the Debtor disputes and, alternatively, argues that he may rely on his non-debtor spouse's homestead to avoid the cap. For the reasons set forth below, I will sustain the Objection.

**II. BACKGROUND**

Though sparse, the facts necessary to decide this matter are not in dispute. The Debtor and his wife, Barbara Tague ("Barbara"), acquired their residence in located at 405 Squanto Road in Eastham, Massachusetts (the "Property") by tenants by the entirety in 1998. In late 2008, the Debtor left the country to pursue an investment opportunity in Costa Rica. Prior to his departure, he recorded a declaration of homestead on the Property (the "First Homestead")

1

pursuant to Mass. Gen. Laws ch. 188, § 1A (the "Elderly Homestead Statute") and executed a deed of his interest in the Property to Barbara (the "2008 Deed") during the week of December 1, 2008.[1] The 2008 Deed named only the Debtor as the grantor. Upon the his return, Barbara executed a deed transferring the Property to both the Debtor and herself as tenants by the entirety (the "2010 Deed") on June 15, 2010. Concurrent with the 2010 Deed, Barbara and the Debtor recorded a new joint declaration of homestead on the Property (the "Second Homestead") pursuant to the Elderly Homestead Statute.

On September 16, 2010, the Debtor filed a voluntary Chapter 7 petition. On Schedule C – Property Claimed as Exempt ("Schedule C"), the Debtor claimed an exemption in the Property in the amount of $500,000 (the "Exemption") pursuant to Mass. Gen. Laws ch. 188, § 1 (the "General Homestead Statute").[2] The Trustee was appointed the next day. On November 17, 2010, he filed the Objection and the Opposition followed thereafter. On January 7, 2011, I held a hearing on the Objection and, at its conclusion, took the matter under advisement.

### III. POSITIONS OF THE PARTIES

<u>The Trustee</u>

The Trustee asserts that the Exemption may not exceed $146,450 pursuant to 11 U.S.C. § 522(p)(1)(A) because the Debtor acquired his interest in the Property on June 15, 2010, less than 1215-days preceding the date of his bankruptcy filing. He argues that the Debtor's contention that he always maintained a beneficial interest in the Property pursuant to a constructive trust

---

[1] While the record does not indicate whether the First Homestead was recorded before or after the 2008 Deed, it is irrelevant because it was either terminated when he transferred his interest to Barbara or void *ab initio* because the Debtor did not own the Property at the time. *See* Mass. Gen. Laws ch. 188, § 1A, 2.

[2] As both parties agree that both the First Homestead and Second Homestead were recorded pursuant to the Elderly Homestead Statute, I find that the reference to the General Homestead Statute was likely a typographical error.

sufficient to defeat the Trustee's objection is foreclosed by *In re Leung*[3] and *In re Aroesty*.[4] Anticipating the Debtor's reliance on Barbara's homestead as a means to avoid the cap, the Trustee asserts that *In re Walsh*[5] was wrongly decided and cites *In re Kim*[6] for the proposition that the Bankruptcy Code determines exemptions in property of the estate without regard to a non-debtor spouse's state law exemption. *In re Walsh*, he argues, creates a loophole for married debtors to avoid 11 U.S.C. § 522(p) by filing individual cases sequentially, rather than a single joint case, so each can rely on the non-debtor spouse's full exemption. Alternatively, the Trustee distinguishes *In re Walsh* by contending that the Second Homestead only protects the declarant's own ownership interest and provides no protection to the declarant's family because the Elderly Homestead Statute lacks the "for the benefit of the family" language of the General Homestead Statute.

### The Debtor

The Debtor states that "[t]he quitclaim tenancy conveyed by the [Debtor] in December 2008 on the eve of his departure did not constitute, nor was it intended by any party to terminate his interest in the family home, but was manifestly a temporary trust arrangement whereby the wife could avoid delay in disposition in the event something happened to the intrepid debtor."[7] Moreover, citing *In re Marrama*,[8] he argues that even if I find he transferred his interest to his

---

[3] *In re Leung*, 356 B.R. 317 (Bankr. D. Mass. 2006).

[4] *Aroesty v. Bankowski (In re Aroesty)*, 385 B.R. 1 (B.A.P. 1st Cir. 2008).

[5] *In re Walsh*, 359 B.R. 389 (Bankr. D. Mass. 2007) (non-debtor spouse's ability to assert a homestead claim under state law to protect his and his family's economic interest in the family home meant debtor-wife did not have to devote her equity in the homestead property in excess of statutory cap).

[6] *Kim v. Kim (In re Kim)*, 405 B.R. 179 (Bankr. N.D. Tex. 2009).

[7] Docket No. 19 at ¶ I.

[8] *In re Marrama*, 307 B.R. 332 (Bankr. D. Mass. 2004).

wife for several months, continuous possession is not required for a valid homestead claim. In a footnote, the Debtor also suggests that the 2008 Deed may have been insufficient to convey his interest because it named only the Debtor as grantor, and not the other tenant by the entirety.

The Debtor further argues that there is nothing in the text of the Elderly Homestead Statute that implies that it does not protect the declarant's family and that such a reading is corrosive to the purpose of homestead benefits. With this in mind, the Debtor asserts that if his family is to be protected, then Barbara's homestead must cover all the equity in the Property, not just her tenancy by the entirety portion. As such, he argues, even if the Exemption is capped, the Trustee would be unable to reach any equity in the Property in light of her homestead, which cannot be capped.

## IV. <u>DISCUSSION</u>

Pursuant to 11 U.S.C. § 522(b)(1), "an individual debtor may exempt from property of the estate the property listed in . . . paragraph (3) of this subsection," which allows the debtor to claim the exemptions provided for under applicable state law.[9] Under Massachusetts law, one may obtain homestead protection under either the General Homestead Statute or the Elderly Homestead Statute.[10] The Elderly Homestead Statute provides in relevant part:

> The real property . . . of persons sixty-two years of age or older, regardless of marital status . . . shall be protected against attachment, seizure or execution of judgment to the extent of $500,000; provided, however, that such person has filed an elderly . . . person's declaration of homestead protection as provided in section two; and, provided further, that such person occupies or intends to occupy such real property . . . as his principal residence. . . .[11]

---

[9] *See* 11 U.S.C. § 522(b)(1), (3)(A).

[10] *See* Mass. Gen. Laws ch. 188, §§ 1, 1A.

[11] Mass. Gen. Laws ch. 188, § 1A.

Although debtors may elect to claim their exemptions under state law, such an election is expressly subject to the provisions of 11 U.S.C. §§ 522(o) and (p).[12] Section 522(p) provides, in relevant part, that:

> as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $146,450 in value in . . . real . . . property that the debtor or a dependent of the debtor uses as a residence . . . or . . . real . . . property that the debtor or dependent of the debtor claims as a homestead.[13]

Thus, as succinctly put by the United States Bankruptcy Appellate Panel for the First Circuit, "a homestead exemption permitted under state law is subject to the limitation under § 522(p)(1) when three elements exist: (i) an interest in property (ii) is acquired by the debtor (iii) within 1,215 days of the petition filing date."[14]

In the present case, the parties agree that the Second Homestead was validly recorded pursuant to the Elderly Homestead Statute. Moreover, the facts warranting the application of 11 U.S.C. § 522(p)'s homestead cap are straightforward and admitted: the Debtor had a tenancy by the entirety interest in the Property, which he conveyed to Barbara by the 2008 Deed, leaving him with no interest in the Property until she executed the 2010 Deed re-conveying it to both of them as tenants by the entirety less than one hundred days prior to the filing of his petition. Contrary to the Debtor's assertion, a tenancy by the entirety under Massachusetts law can be terminated by a deed from one spouse to the other.[15] Even assuming, *arguendo*, that the Debtor

---

[12] 11 U.S.C. § 522(b)(3)(A).

[13] 11 U.S.C. §§ 522(p)(1)(A), (D).

[14] *In re Aroesty*, 385 B.R. at 4.

[15] *Campagna v. Campagna*, 337 Mass. 599, 605, 150 N.E.2d 699 (1958) (holding that a tenancy by the entirety "continues during the existence of the marital relationship and cannot be changed except by death, divorce, a deed of both parties or *a deed of one spouse to the other*.") (emphasis added).

5

retained a beneficial interest in the Property after execution of the 2008 Deed pursuant to some trust-like arrangement, that interest was not a "title interest" like the one he acquired during the operative period by virtue of the 2010 Deed.[16]

The Debtor's reliance on Barbara's homestead is equally unavailing. The Elderly Homestead Statute states that:

> Each *individual* having an ownership interest in the real property . . . which serves as that individual's principal residence and who qualifies under the provisions of this section shall, upon filing of an elderly . . . person's declaration of homestead protection, be eligible for protection of such ownership interest up to a maximum amount of $500,000 *per individual*, regardless of whether such declaration is filed individually or jointly with another.[17]

Therefore, unlike the General Homestead Statute, the Elderly Homestead Statute is not, by its express terms, "an estate of homestead . . . for the benefit of the family,"[18] but a protection of an elderly person's individual ownership interest in real property occupied as a principal residence.[19] Accordingly, the Exemption must be capped at $146,450.

In light of the procedural posture of this case, I need not consider whether ultimately the Trustee will be able to reach any equity in the Property due to Barbara's homestead.

---

[16] *In re Aroesty*, 385 B.R. at 7 (holding that a debtor who previously had a beneficial interest in real property held in trust acquired an "interest" under 11 U.S.C. § 522(p) when he received record title from the trust); *see also In re Leung*, 356 B.R. at 322 (finding that the debtor "acquired" an interest when he accepted delivery of the deed and recorded a homestead).

[17] Mass Gen. Laws ch. 188, § 1A (emphasis added).

[18] *See* Mass. Gen. Laws ch. 188, § 1.

[19] See Mass. Gen. Laws ch. 188, § 1A.

**V. CONCLUSION**

  In light of the foregoing, I will enter an order sustaining the Objection.

                      _____
                      William C. Hillman
                      United States Bankruptcy Judge

Dated: February 16, 2011